IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAIG P., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:22-cv-00254-CMR <br><br> MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION <br><br> Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 7). 28 U.S.C. § 636(c). Plaintiff Craig P. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record (ECF 14), the parties' briefs (ECF 19, 24, 25), and arguments presented at a hearing held on May 9, 2023 (ECF 33), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons stated below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 19) and AFFIRMS the decision of the Commissioner.

### I.   BACKGROUND

Plaintiff applied for disability insurance benefits in 2019 (ECF 14, Certified Administrative Record (Tr.) 77, 204). Plaintiff was 41 years old when he claimed disability due to a brain injury and back problem caused by a car accident in 1987 (Tr. 204, 227, 347). After that accident, he earned a bachelor's degree in business management and worked in various skilled and semi-skilled

occupations (Tr. 55, 68–70, 228–29). Plaintiff also worked part-time during the time that he claimed he was disabled (Tr. 56–57, 222, 224, 352–53).

In 2020, consultative psychologist Dr. Marc Steed examined Plaintiff and opined that he was capable of many workplace tasks but was "less capable of" other workplace tasks (Tr. 353–55). In 2021, psychologist Dr. Nathan Sewell performed a battery of tests, after which he wrote that "only approximately 2% of individuals in the general population would be expected to perform mental tasks more slowly than" Plaintiff (Tr. 1064). State agency medical and psychological consultants reviewed the record in 2020 and 2021 to evaluate Plaintiff's mental abilities. *See* 20 C.F.R. § 404.1513a(b)(1). Psychiatrist Dr. Robert Campion and psychologist Dr. Lynn Johnson found that Plaintiff could perform simple work in a setting with limited contact with others (Tr. 92, 120–21).[1]

The ALJ's November 12, 2021 decision followed the Commissioner's five-step sequential evaluation process for disability claims (Tr. 24–41). *See* 20 C.F.R. § 404.1520(a)(4). The ALJ determined at step 2 that Plaintiff had severe impairments of chronic pain syndrome, obesity, multilevel degenerative disc disease of the cervical and lumbar spine with radiculopathy into the right lower extremity, neurocognitive disorder, attention-deficit/hyperactivity disorder, and major depressive disorder, and that Plaintiff's hypertension was a non-severe impairment (Tr. 25). At step 3, the ALJ considered Plaintiff's spine disorders under Listings 1.15 and 11.14, finding the criteria not met (Tr. 25–26). The ALJ considered Plaintiff's mental impairments under Listings 12.02, 12.04, and 12.11 finding moderate limitations in understanding, remembering, or applying

---

[1] Under the agency's revised regulations, a finding by a State agency medical or psychological consultant at a prior level of review based on their review of the evidence is categorized as a "prior administrative medical finding." 20 C.F.R. § 404.1513(a)(5).

information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (Tr. 26–27).

The ALJ then found that Plaintiff had the mental residual functional capacity (RFC) to:

- understand, follow, and persist at simple, routine, repetitive tasks that could be learned in 30 days or less with specific vocational preparation (SVP) level 1 or 2;
- have frequent interaction with supervisors, co-workers, and the public;
- adapt to occasional changes in the workplace setting; and
- perform goal-oriented but not production-rate pace work

(Tr. 28). *See* 20 C.F.R. § 404.1545(a)(1) ("Your [RFC] is the most you can still do despite your limitations."); Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *3 (explaining that SVP of 1 to 2 corresponds to unskilled work). At step five, the ALJ found that this RFC would allow Plaintiff to perform other work existing in significant numbers in the national economy, including furniture rental consultant, tanning salon attendant, and usher, all light, unskilled work (Tr. 40–41). The ALJ thus concluded that Plaintiff was not disabled (Tr. 41). 20 C.F.R. § 404.1520(a)(4)(v). The ALJ's decision denying his application became the Commissioner's final decision when the agency's Appeals Council denied his request for review (Tr. 1–3, 22–42). *See* 20 C.F.R. § 404.981. This court has jurisdiction under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157. It is "'more than a mere scintilla'" and "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion.'" *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). That is, in reviewing under sentence four of 42 U.S.C. § 405(g), a court must affirm if the ALJ's decision is supported by substantial evidence and the correct legal standards were used, even if the court believes the evidence is "equivocal." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994).

### III. DISCUSSION

The court finds no reversible error in the ALJ's consideration of the two medical source statements at issue. Plaintiff argues that the ALJ should have evaluated examining psychologist Dr. Sewell's statements as a medical opinion and that, after finding consultative psychologist Dr. Steed's medical opinion persuasive, the ALJ did not address all of the opined limitations in Plaintiff's RFC. The court finds neither argument persuasive.

Because Plaintiff filed his application for DIB after March 27, 2017, the ALJ applied a new set of regulations for evaluating medical evidence that differs substantially from prior regulations (*see* Tr. 22, 36–40). *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the revised regulations, for each medical opinion and prior administrative medical finding,

4

the ALJ must articulate his consideration of (1) its persuasiveness, (2) the supportability factor, and (3) the consistency factor. *See* 20 C.F.R. § 404.1520c(b). The court finds that the ALJ's evaluation of the medical source statements is legally sound and supported by substantial evidence.

### A. Examining psychologist Dr. Sewell

After describing Plaintiff's scores on several psychological tests, Dr. Sewell wrote that "only approximately 2% of individuals in the general population would be expected to perform mental tasks more slowly than" Plaintiff (Tr. 1064). The ALJ discussed Dr. Sewell's examination findings and test results (Tr. 33). Plaintiff argues that the ALJ should have evaluated the persuasiveness of Dr. Sewell's statement as a medical opinion under 20 C.F.R. § 404.1520c. The court disagrees. Dr. Sewell's statement was not a "medical opinion" as defined by the agency's revised regulations.

"The disability inquiry has to do with what kind of substantial gainful work the claimant can *do*, not just with her numerical scores." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1173 (10th Cir. 2012). The applicable regulations define a medical opinion as "a statement from a medical source about what [the claimant] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions" in certain enumerated work-related functional areas." 20 C.F.R. § 404.1513(a)(2). This court has held that evidence must meet all the regulatory requirements to qualify as a medical opinion. *Staheli v. Kijakazi*, No. 1:20-CV-00159-JCB, 2021 WL 5495694, at *3 (D. Utah Nov. 23, 2021). The court in *Staheli* found that the medical source statements were not medical opinions "because they fail to discuss what [the claimant] can do despite her impairments." *Id*.

Here, while Dr. Sewell's report was a statement from a medical source, it did not say what Plaintiff could still do despite his impairments and thus did not satisfy all the regulatory requirements. Instead, Dr. Sewell wrote that Plaintiff's psychological test scores "suggest[ed]" or "indicate[d]" certain limitations (Tr. 1062–67). Plaintiff attempts to distinguish *Staheli*, arguing that when Dr. Sewell stated that his test results were in the lowest two percent, Dr. Sewell opined that he could complete work commensurate with the lowest two percent. Even if the court were to accept Plaintiff's reading of Dr. Sewell's statement, it is still not a medical opinion. Like *Staheli*, "Instead of stating what Plaintiff can do despite her limitations, [Dr. Sewell's] finding merely begs the question: What 'tasks are within [Plaintiff's] ability level'?" 2021 WL 5495694, at *4. Dr. Sewell did not address what tasks are within Plaintiff's ability level, nor did he otherwise provide opinions about Plaintiff's work-related functional abilities and limitations. Moreover, the overall record shows that Plaintiff had abilities in line with the ALJ's RFC finding, including evidence that Plaintiff demonstrated largely normal functioning during mental exams and reported a wide array of activities including part-time work.

Because Dr. Sewell's statement does not satisfy all the elements outlined in 20 C.F.R. § 404.1513(b)(2), it does not constitute a "medical opinion" under the regulations. *See Staheli*, 2021 WL 5495694, at *4. "This is significant here because [20 C.F.R. § 404.1520c] only requires the ALJ to discuss 'medical opinions' in his/her decision." *Id*. (citation omitted). "Because Dr. [Sewell's] [statements] are not 'medical opinions' under the regulations, the ALJ did not have a legal obligation to discuss those [statements] under 20 C.F.R. § 404.1520c." *Id*.; *see also Roy o/b/o Helton v. Comm'r, SSA*, No. 22-5036, 2022 WL 17726702, at *3 (10th Cir. Dec. 16, 2022) (finding that a doctor's statement was not a "medical opinion" because it did "not provide any

particular . . . limitations or address what [the claimant] could still do despite her [impairment]"). "Accordingly, the ALJ did not commit legal error in failing to evaluate the statement under" 20 C.F.R. § 404.1520c. *Roy*, 2022 WL 17726702, at *3. The court therefore finds there is no reversible error with respect to the ALJ's evaluation of Dr. Sewell's statement.

**B. Consultative psychologist Dr. Steed**

The parties agree that Dr. Steed rendered a "medical opinion" as defined by the agency's revised regulations. Dr. Steed opined that Plaintiff was capable of many specific workplace tasks but was "less capable" of other workplace tasks (Tr. 353–55). The ALJ found that Dr. Steed's opinion was persuasive (Tr. 38). 20 C.F.R. § 404.1520c(b). For the reasons discussed below, the court finds that the ALJ's evaluation of Dr. Steed's opinion is supported by substantial evidence and therefore rejects Plaintiff's arguments.

1. "Less Capable of" Opinion

First, Plaintiff argues that the ALJ did not include Dr. Steed's opinion that he was "less capable of" performing certain activities in his RFC after finding that Dr. Steed's medical opinion was persuasive. On the contrary, the court finds that the specific workplace functional limitations that the ALJ assessed in Plaintiff's RFC addressed the vague limitations within Dr. Steed's medical opinion (*see* Tr. 38). *See Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) ("[The court's] deferential standard of review precludes [it] from labeling findings as inconsistent if they can be harmonized."). When the evidence permits varying inferences, the court may not substitute its judgment for that of the ALJ. *Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983).

Here, Dr. Steed opined that Plaintiff was "less capable of" many workplace abilities, but he did not define or specify what "less capable of" meant in the context of his opinion (*see* Tr. 353–

7

55). A reasonable reading of Dr. Steed's opinion is that Plaintiff's ability to do the specified activities were somewhere on a spectrum between the total inability to do them at any time and the full ability to do them all the time. But where his abilities fell on that spectrum was not defined and, thus, subject to the ALJ's reasonable inference about what Dr. Steed's vague opinion meant. *See* SSR 85-16, 1985 WL 56855, at *2 ("In analyzing the evidence [and evaluating mental residual functional capacity], it is necessary to draw meaningful inferences[.]"); *Oaks v. Saul*, No. 4:18-CV-00075-PK, 2019 WL 4110535, at *3 (D. Utah Aug. 29, 2019) (finding, under the prior regulations, that, after giving a medical opinion some weight, the ALJ "permissibly translated its rather vague limitations into concrete vocational limitations"). After finding that Dr. Steed's vague opinion was persuasive, the ALJ found that Plaintiff could understand, follow, and persist at simple, routine, repetitive tasks that could be learned in 30 days or less with SVP level 1 or 2; have frequent interaction with supervisors, co-workers and the public; adapt to occasional changes in the workplace setting; and perform goal-oriented but not production-rate pace work (Tr. 28). These limitations appear consistent with Dr. Steed's opinion that Plaintiff was "*less* capable"—not *in*capable—of performing certain workplace functions (Tr. 354 (emphasis added)).

The Tenth Circuit addressed a similar question under the agency's prior regulations in *White v. Berryhill*, 704 F. App'x 774 (10th Cir. 2017). There, a consultative examiner, Dr. Paris, opined that the claimant's "ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be below average." *Id*. at 777. The ALJ instead found that the claimant "*could* perform adequately in most job situations and handle the stress of a work setting," without specifying that the claimant's ability was below average. *Id*. The Tenth Circuit rejected the claimant's argument that the ALJ's finding was

8

inconsistent with Dr. Paris's medical opinion: "Although the ALJ said that [the claimant] could perform 'adequately' rather than 'below average,' [the claimant] does not explain why 'adequately' does not include 'below average.'" *Id*. Here, as in *White*, Plaintiff does not explain how his mental RFC limitations did not include Dr. Steed's opinion that Plaintiff was "less capable of" performing certain workplace tasks. Plaintiff has thus failed to meet his burden to prove that these findings are inconsistent. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

    2.    <u>Following Instructions Limitation</u>

Plaintiff speculates that because Dr. Steed opined that he was "less capable of" following one- or two-step instructions, he could not follow even a one-step instruction. His speculative argument ignores the ALJ's discussion of evidence showing that Plaintiff was doing multi-step activities independently and for work during the relevant period. This evidence supported the ALJ's inference about what vocational limitations were suggested by Dr. Steed's vague opinion. As the ALJ noted, Plaintiff testified that his job—which he continued to do in late 2021—involved supervising other individuals (Tr. 27). He said that he watched individuals after they got home from a day program to "make sure they stay[ed] on-task and they [did not] get in trouble" (Tr. 62). This level of oversight and responsibility appears facially inconsistent with Plaintiff's suggested reading of Dr. Steed's opinion. Moreover, the ALJ discussed Plaintiff's activities, some of which showed that he was more than capable of following multi-step instructions (Tr. 35–36). For example, Plaintiff reported that he cared for his wife and three children, drove, shopped in stores, managed his own finances, and did woodworking (*see* Tr. 253–56, 274–77). Plaintiff's proffered

interpretation of Dr. Steed's medical opinion is simply inconsistent with other evidence the ALJ considered when evaluating Plaintiff's limitations.

In addition, the ALJ's interpretation of Dr. Steed's opinion is buttressed by the State agency consultants' prior administrative medical findings. *See White*, 704 F. App'x at 777 ("[T]wo psychological medical experts with the state agency stated that [the claimant] could perform simple tasks with routine supervision and adapt to a work situation. Their opinions correctly recited and accounted for Dr. Paris' statement about [the claimant's] below-average ability." (internal record citations omitted)). Dr. Campion and Dr. Johnson considered Dr. Steed's consultative examination results when reaching their findings (*see* Tr. 91–92, 120). Dr. Johnson also considered Dr. Steed's medical opinion in the context of evidence that post-dated his examination (*see* Tr. 120). Dr. Campion and Dr. Johnson determined that Dr. Steed's findings—along with the rest of the evidence—supported a conclusion that Plaintiff could perform simple work in a setting with limited contact with others (Tr. 92, 120). The ALJ then assessed a mental RFC consistent with those findings, which he found persuasive (*see* Tr. 28, 37–38). Thus, as in *White*, "other record evidence supports the RFC assessment." 704 F. App'x at 777.

3. Duty to Recontact

Finally, Plaintiff posits that the ALJ had a duty to recontact Dr. Steed to clarify what his vague "less capable of" opinions meant. Yet an ALJ is required to recontact a consultative examiner only if the examiner's report is "inadequate or incomplete." 20 C.F.R. § 404.1519p(b). "Inadequate" and "incomplete" do not mean "vague"; those terms refer to subsection (a) of 20 C.F.R. § 404.1519p, which explains that the agency will review a consultative examination report to determine whether the specific information requested has been furnished. *Id*. § 404.1519p(a).

10

The regulation that Plaintiff cites likewise explains that evidence is incomplete only if it is insufficient to make a disability determination. *Id*. § 404.1520b(b).

Here, as evidenced by the ALJ's demonstrated ability to make a disability determination, the evidence was not incomplete. The ALJ was under no duty to recontact Dr. Steed notwithstanding the vagueness of his medical opinion. The ALJ reasonably found that Plaintiff had abilities consistent with Dr. Steed's vague opinion. *See* 20 C.F.R. § 404.1520b(b)(2) (the agency may recontact a medical source if there is insufficient evidence to determine whether a claimant is disabled); *see also White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002) (holding under the prior regulations that "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty" (citation omitted)). Because the ALJ's interpretation of Dr. Steed's medical opinion was one reasonable interpretation, the court will not disturb it or re-weigh the evidence. *See Lax*, 489 F.3d at 1084.

## IV.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence and free from reversible error, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 30 August 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District court for the District of Utah